UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:13-cv-00353-DBH |
| ROLAND GUERRETTE, | ) | |
| Defendant | ) | |

## RECOMMEDED DECISION ON MOTION FOR SUMMARY JUDGMENT

The United States of America requests summary judgment of foreclosure and sale against Defendant and certain real property located in Aroostook County. The Court referred the motion for summary judgment for report and recommendation. Because the United States has properly supported its motion for summary judgment of foreclosure, the recommendation is that the Court grant the motion.

### BACKGROUND

On September 17, 2013, the United States of America ("Plaintiff") commenced this action seeking to recover payment of certain promissory notes that Roland Guerrette ("Defendant") executed in favor of the United States Department of Agriculture, and to foreclose, pursuant to 14 M.R.S. §§ 6321-6325, multiple mortgages securing the notes. Defendant, proceeding pro se, waived service on September 21, 2013, and identified his address as 47 Main Street, St. Agatha, Maine. (ECF No. 4.) Defendant subsequently filed an answer, and requested that if his property is sold, he receive any funds realized after payment of the loans. (ECF No. 5.) On February 4, 2014, Plaintiff filed a motion for summary judgment. (ECF No. 7.) Defendant has not opposed the motion.

## FACTS

Plaintiff supported its motion with a statement of material facts. Defendant has not opposed any of the factual assertions contained in Plaintiff's statement. Pursuant to Local Rule 56(f), facts contained in a statement of material facts "shall be deemed admitted unless properly controverted," if the facts in question are "supported by record citations." The primary exhibits in the record consist of the subject promissory notes and mortgages, filed as attachments to the complaint, and the Declaration of Michael G. Mathers (ECF No. 8-1), in which declaration Mr. Mathers outlines Defendant's execution of the notes and mortgages, and Defendant's failure to satisfy his obligations under the notes. Plaintiff also relies on the allegations in its complaint, which allegations Defendant failed to deny.

Based on Plaintiff's Statement of Material Facts and the record materials cited in support thereof, including the uncontroverted allegations in the complaint, the following facts are established for purposes of summary judgment.

l.  On May 26, 2000, Roland P. Guerrette executed and delivered to the United States Department of Agriculture a Promissory Note in the original principal amount of $75,000.00. The note was partially cancelled and rescheduled on October 17, 2001, in the amount of $63,001.52. The note was rescheduled on June 27, 2003, and June 18, 2004, in the amounts of $57,092.14 and $58,901.89. (Compl. ¶ 3 & Exs. A, B, C, D; Mathers Declaration ¶ 2.)

2.  On May 21, 2002, Roland P. Guerrette executed a Promissory Note made payable to Plaintiff in the original principal amount of $75,000.00. The note was rescheduled on June 27, 2003, and June 18, 2004, in the amounts of $31,200.00 and $32,189.00. (Compl. ¶ 4 & Exs. E, F, G; Mathers Declaration ¶ 3.)

3.      On June 27, 2003, Roland P. Guerrette executed and delivered to Plaintiff a Promissory Note in the original principal amount of $70,000.00. The note was rescheduled on June 18, 2004 in the amount of $72,097.80. (Compl. ¶ 5 & Exs. H, I; Mathers Declaration ¶ 4.)

4.      To secure the Promissory Notes listed above, Roland P. Guerrette executed and delivered to Plaintiff six Real Estate Mortgages recorded in the Northern Aroostook Registry of Deeds in Book 1210, Page 331; Book 1272, Page 30; Book 1272, Page 175; Book 1305, Page 281; Book 1359, Page 30; and Book 1404, Page 185, covering real estate of Roland P. Guerrette in the County of Aroostook, and State of Maine, described in said Mortgages securing said Notes. (Compl. ¶¶ 6, 7 & Exs. J, K, L, M, N, O; Mathers Declaration ¶ 5.)

5.      On or about November 24, 2009, December 21, 2009, November 9, 2010, February 3, 2011, September 26, 2011, January 24, 2012, May 29, 2012, October 18, 2012, December 19, 2012, and September 13, 2013, Plaintiff was compelled to make protective advances as provided in said Mortgages for the payment of real estate taxes to the towns of Madawaska, St. Agatha, and Frenchville in the amounts of $667.24, $1,525.00, $2,129.60, $630.92, $612.39, $2,292.21, $901.41, $906.24, $3,712.30, $1,005.41 and $915.53. (Compl. ¶ 8 & Exs. P, Q, R, S, T, U, V, W, X, Y, Z; Mathers Declaration ¶ 6.)

6.      As of September 16, 2013, there is due and owing from Roland P. Guerrette, on the Notes secured by said Mortgages to the United States, Department of Agriculture, the total principal amount of $147,528.92, together with accrued interest in the amount of $39,996.28, for a total of $187,525.20, plus per diem interest after September 16, 2013, of $15.2371, plus costs of collection, including other amounts which may become due under said Notes. (Mathers Declaration ¶ 7.)

7. Although Plaintiff has made demand upon Roland P. Guerrette for payment of the outstanding principal balance of and accrued interest on said Notes, Roland P. Guerrette has failed and refused to pay the same and continues to refuse to pay. (Mathers Declaration ¶ 8.)

8. Plaintiff has complied with all servicing actions required under 7 C.F.R. § 766. (Compl. ¶ 16; Mathers Declaration ¶ 9.)

9. Defendant is not in the military service of the United States as defined in Article 1 of the "Soldiers' and Sailors' Relief Act of 1940" as amended, and is not an infant or mentally incompetent person. (Mathers Declaration ¶ 10.)

## DISCUSSION

Plaintiff maintains that the undisputed facts establish that Defendant is in default on the subject notes and mortgages, and that the mortgages provide that in the event of a default, Plaintiff can foreclose the mortgages and sell the property. Plaintiff argues, therefore, that summary judgment is appropriate.

Each of the notes includes a default clause which authorizes Plaintiff, upon default, to accelerate payment of the loans. (*E.g.*, ECF No. 1-1 at p.3, default clause.) Under the express terms of the mortgages, Plaintiff may foreclose on the mortgages upon Defendant's default on the notes. (*E.g.*, ECF No. 1-10 at p.1 (whereas clause) & ¶ 17 (default clause).) More specifically, according to the mortgages, upon default, Plaintiff may foreclose "as authorized or permitted by the laws then existing of the jurisdiction where the property is situated or of the United States of America, on terms and conditions satisfactory to the Government," including foreclosure by sale "in the manner and after such notices and on terms as may be required by statute or as may be determined by the Government if not contrary to statute." Additionally, the mortgages provide that the borrower agrees that Plaintiff "will not be bound by any present or future State laws," that

allow for a right of redemption. (*Id.* at p.5, ¶ 19.) Plaintiff elected to pursue foreclosure and sale by means of a civil action, which in this District proceeds pursuant to 14 M.R.S. § 6321 (foreclosure by civil action).

Federal law governs Plaintiff's rights under federal lending programs, including the USDA farm service lending program at issue in this case. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 727 (1979). Foreclosure proceedings arising out of a federal loan program do not require the application of nationally uniform federal rules. (*Id.* at 727-28.) Indeed, federal law does not include uniform foreclosure rules for mortgages associated with USDA loans.[1] For farm service loans, Plaintiff is to follow "the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed." 42 U.S.C. § 1475(b). However, Plaintiff need not follow state *substantive* rules during the foreclosure process and may require individuals to whom it makes loans to waive certain state law protections. *United States v. Jacobsen*, 319 F.3d 323, 324 (8th Cir. 2002) (*per curiam*). [2]

As traditionally observed in this Court, Maine mortgage foreclosure proceedings require a complaint that describes the mortgaged premises intelligibly, including an identification of the

---

[1] Federal law does establish certain requirements concerning sale of realty and notice of a sale of realty pursuant to federal court order. 28 U.S.C. §§ 2001, 2002.

[2] In 2009, the Maine Legislature amended the civil action foreclosure statute in response to an unprecedented rise in the number of foreclosure proceedings. An Act to Preserve Home Ownership and Stabilize the Economy by Preventing Unnecessary Foreclosures, L.D. 1418 (124th Legis. 2009), 2009 Me. Legis. Serv. Ch. 402 (West) (emergency preamble). The changes to the Maine statutory foreclosure process include the creation of a mandatory foreclosure mediation program for owner-occupied residential property and a requirement that mortgagees satisfy certain notice requirements prior to acceleration and foreclosure. *Id.* These substantive protections do not apply to the United States in the context of federal foreclosure proceedings. *Kimbell Foods*, 440 U.S. at 726, 727; *United States v. Spears*, 859 F.2d 284, 289-91 (3d Cir. 1988) (reasoning that where third party interests are not at stake, state law, pre-foreclosure notification requirements do not override Farmer's Home Administration promissory note terms and permit FmHA to service delinquent mortgages according to its own procedures); *Jacobsen*, 319 F.3d at 324 (holding that state law "right to redemption and protection from deficiency judgments are substantive rights" rather than mere procedural rules). The farm service promissory notes at issue unequivocally provide that upon default, Plaintiff can accelerate the loan without any prerequisite of notice of right to cure.

5

mortgaged property by book and page number, sets forth the amount due and the condition breached, and demands foreclosure and sale. 14 M.R.S. § 6321 (2007). Plaintiff's complaint complies with these traditional procedural requirements. The foreclosure process also requires the recording of "the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded." *Id.* Plaintiff represents that it has complied with this requirement and Plaintiff's representation is unopposed. (Motion at 3, ECF No. 7.)

As a further condition of foreclosure, a mortgagee must establish the breach of a condition of a mortgage as a matter of fact. *Id.* § 6322; *United States v. Arnold*, 366 F. Supp. 2d 191, 194 (D. Me. 2005) (citing *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705). To obtain summary judgment, therefore, Plaintiff must produce evidence of such breach in each of the subject mortgages. Insofar as the record establishes that Defendant has failed to make payments as required by the notes and mortgages, Plaintiff has demonstrated that Defendant is in default of the notes and mortgages.

To prevail, Plaintiff must also prove the amount due on the mortgage notes, including any reasonable attorney fees and court costs. *Arnold,* 366 F. Supp. 2d at 194. Both through the uncontroverted allegations of the complaint and the undisputed facts set forth in the Mathers Declaration, Plaintiff has established proof of the amounts due under the notes. [3] The mortgagee must also prove the order of priority and amounts due respecting other parties of interest, if any. *Id.* Based on Plaintiff's presentation, which omits reference to junior lienholders, the Court may conclude that no such party exists.

---

[3] Plaintiff has not included in its summary judgment filings any evidence of attorney fees and court costs associated with the foreclosure process.

Traditionally, proof of ownership of, or beneficial interest in, the mortgage and note is another basic requirement for foreclosure. *E.g., Mann v. Homestead Realty Co.*, 134 Me. 37, 180 A. 807, 808 (1935). Plaintiff's complaint, which includes the subject notes and mortgages, establishes that Plaintiff is the owner of the notes and mortgages.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Plaintiff's motion for summary judgment and issue judgment of foreclosure and sale in the form of the Judgment of Foreclosure and Sale that Plaintiff filed for the Court's consideration (ECF No. 7-1).[4]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

April 8, 2014

---

[4] Defendant's sole request is that he receive the surplus proceeds, if any, which result from the sale of the properties. (Answer, ECF No. 5.) The ninth paragraph of the form Judgment of Foreclosure and Sale provides that Defendant will receive any such proceeds.