**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 1:13-cv-00353-DBH** |
| ) | |
| **ROLAND P. GUERRETTE** ) | |

**JUDGMENT OF FORECLOSURE AND SALE**

This action having been brought to recover a sum certain, to wit, the balance due on promissory notes and mortgages, and Roland P. Guerrette having filed an answer; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the complaint; and it appearing from the Declaration of Michael G. Mathers that Roland P. Guerrette is neither an infant nor incompetent, nor in the military service of the United States, and the total amount due to the United States, Farm Service Agency is $187,525.20, together with interest and costs; now upon Plaintiff's Motion for Summary Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion for Summary Judgment as to Roland P. Guerrette is granted for the plaintiff.

2. Roland P. Guerrette has breached the conditions of plaintiff's mortgage and security agreements.

3. The real property, which is the subject of this action and judgment, is as described in the complaint and as described in a real estate mortgages executed by Roland P. Guerrette and recorded in the Northern Aroostook County Registry of Deeds in Book 1210, Page 331; Book

1272, Page 30; Book 1272, Page 175; Book 1305, Page 281; Book 1359, Page 30 and Book 1404, Page 185, respectively.

    4. There is due the United States, Farm Service Agency the sum of $147,528.92 in principal, together with $39,996.28 in interest as of September 16, 2013, for a total of $187,525.20, plus interest accruing thereafter to the date of judgment at the rate of $15.2371 per day, plus any advances made thereafter under the terms of the mortgage plus costs.

    5. If Roland P. Guerrette, his successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property and secured personal property at public sale pursuant to the requirements of 28 U.S.C. Section 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Aroostook County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

    6. Roland P. Guerrette shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

    7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8. The plaintiff may bid at the foreclosure sale.  If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale.  The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff.  Such deed shall convey the premises free and clear of all interests of Roland P. Guerrette, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Northern Aroostook County Registry of Deeds.  Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

9. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises.  From the proceeds of the sale, the Marshal shall first pay all costs including the costs and expenses of sale; he shall then pay the United States, Farm Service Agency the principal amount due on its mortgage of $147,528.92, plus interest in the amount of $39,996.28 through September 16, 2013, for a total of $187,525.20, plus interest from that date through the date of judgment at the per diem rate of $15.2371, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit.  There being no other parties that have appeared in this action, any surplusage shall then be remitted to Roland P. Guerrette.

10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk. If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

Dated: May 8th, 2014

/s/ D. Brock Hornby
D. Brock Hornby
U.S. District Court Judge